IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER EASTERLING,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 22- 1386<br>) |
| **DISTRICT OF COLUMBIA,** | )<br>) |
| Defendant. | )<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Christopher Easterling, through undersigned counsel, for his complaint herein alleges as follows:

### INTRODUCTION

1. This is a claim for injunctive brought under 42 U.S.C. § 1983. The Plaintiff seeks a judgment: 1) declaring that the District of Columbia has violated the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA") by failing to authorize independent instruction and related services as ordered by an administrative hearing officer; 2) ordering the District to fund that instruction and services; and 3) awarding all other just and appropriate relief.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. §1391(b)(2) and (3).

### PARTIES

3. Christopher Easterling is a resident of the District of Columbia.

4. The District of Columbia is a municipal corporation.

1

5. The District of Columbia Public Schools ("DCPS") is an agency of the District.

## FACTS

6. Mr. Easterling is an 18-year-old student in DCPS who is eligible to receive special education and related services as a student with an emotional disturbance.

7. On October 18, 2021, the District of Columbia Office of the State Superintendent of Education Office of Dispute Resolution issued an administrative order ("administrative order") regarding Mr. Easterling.

8. The administrative order ordered DCPS, *inter alia*, to "issue funding authorization for the parent [of then-minor Mr. Easterling] to obtain 218 hours of independent academic tutoring for Student to be provided by a qualified special educator, 15 hours of independent counseling to be provided by a social worker or other qualified professional and 22 hours of independent OT services to be provided by a qualified occupational therapist" "[a]s compensatory education for the denials of FAPE found in th[e] decision."

9. The administrative order did not state any other limitations on the instruction and services to be funded.

10. From November 2, 2021 through December 2, 2021, DCPS issued multiple versions of a letter authorizing the ordered instruction and services.

11. Each of these letters included a deadline for the use of all of the instruction and services of one year from the date of the letter.

12. It is DCPS policy to include in each compensatory education authorization letter, like the letter referenced in paragraphs 10 and 11, a time limit on the usage of the authorized instruction and services, even when the compensatory education in question has been ordered by an empowered adjudicator, without any mention of such a time limit.

13. It is DCPS custom to include in each compensatory education authorization letter, like the letter referenced in paragraphs 10 and 11, a time limit on the usage of the authorized instruction and services, even when the compensatory education in question has been ordered by an empowered adjudicator, without any mention of such a time limit.

14. It is DCPS practice to include in each compensatory education authorization letter, like the letter referenced in paragraphs 10 and 11, a time limit on the usage of the authorized instruction and services, even when the compensatory education in question has been ordered by an empowered adjudicator, without any mention of such a time limit.

15. DCPS has shown deliberate indifference to its employees' practice of including in each compensatory education authorization letter, like the letter referenced in paragraphs 10 and 11, a time limit on the usage of the authorized instruction and services, even when the compensatory education in question has been ordered by an empowered adjudicator, without any mention of such a time limit.

16. It is District policy to include in each compensatory education authorization letter, like the letter referenced in paragraphs 10 and 11, a time limit on the usage of the authorized instruction and services, even when the compensatory education in question has been ordered by an empowered adjudicator, without any mention of such a time limit.

17. It is District custom to include in each compensatory education authorization letter, like the letter referenced in paragraphs 10 and 11, a time limit on the usage of the authorized instruction and services, even when the compensatory education in question has been ordered by an empowered adjudicator, without any mention of such a time limit.

18. It is District practice to include in each compensatory education authorization letter, like the letter referenced in paragraphs 10 and 11, a time limit on the usage of the authorized

instruction and services, even when the compensatory education in question has been ordered by an empowered adjudicator, without any mention of such a time limit.

19. The District has shown deliberate indifference to its employees' practice of including in each compensatory education authorization letter, like the letter referenced in paragraphs 10 and 11, a time limit on the usage of the authorized instruction and services, even when the compensatory education in question has been ordered by an empowered adjudicator, without any mention of such a time limit.

## CLAIM

20. By failing to issue the funding authorization ordered in the administrative order, the District violated Mr. Easterling's rights under the IDEA.

WHEREFORE, Mr. Easterling respectfully requests that this Court:

1) declare that the District has violated the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA") by failing to authorize independent instruction and related services as ordered by an administrative hearing officer;

2) order the District to fund that instruction and services, without limitations; and

3) award all other just and appropriate relief

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
7322 Churchill Rd.
McLean, VA 22101
(202) 332-0038
tyrka@tyrkalaw.com